IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:10-CR-21-FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ROBERT LEON LECRAFT, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before on order of the United States Court of Appeals for the Fourth Circuit, filed March 28, 2013, remanding the case to the district court for the limited purpose of settling and approving the record as provided in Federal Rule of Appellate Procedure 10(c), and directing appellant to file a statement of evidence from the best available means with the district court on or before April 26, 2013. (DE 119). In accordance with the appeals court order, appellant filed a statement of evidence from the best available means on April 26, 2013. (DE 123). Appellee filed clarifications and additions to the statement of evidence on May 10, 2013. (DE 124). In this posture the matter is ripe for ruling. For the reasons stated below, upon consideration of the positions of both parties, the materials of record, and upon the court's recollection, the court adopts paragraph 3 of appellant's statement, as supplemented by the government's statement in its entirety, as the best available record of proceedings on May 31, 2012 for which no transcript or recording is available.

Federal Rule of Appellate Procedure 10(c) sets forth the following procedures and requirements for settling and approving the record when a transcript or recording is unavailable:

> If the transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement must be served on the appellee, who may serve objections or proposed amendments within 14 days after being served. The statement and any objections or proposed amendments must then be submitted to the district court for settlement and approval. As settled and approved, the statement must be included by the district clerk in the record on appeal.

Fed. R. App. P. 10(c). As noted in the rule, appellant's statement and any proposed amendments from the government are "submitted to the district court for settlement and approval." Id. The rule does not provide further detail on what process or format the district court must use "for settlement and approval" of the statements submitted.

United States v. Brown, 202 F.3d 691, 697 (4th Cir. 2000), provides an example of an accepted district court approach to settlement and approval. There, the court reporter lost part of a trial transcript relating to a recusal hearing, at which the government sought to recuse one of the defendant's trial counsel. The court denied the motion to recuse. On appeal, the appellant argued that his trial counsel was conflicted. Appellant filed a statement in the district court, pursuant to Fed. R.App. P. 10(c), summarizing the recusal hearing. "The Government responded with its own statement, and without a hearing, the district court adopted the Government's statement, concluding that 'the Government's recitation of the events in question most closely comports with [the court's] own recollection of these events.'" 202 F.3d at 695 (quoting trial court).

Appellant argued on appeal that the lack of a transcript mandates a new trial. The Fourth Circuit rejected this argument and noted appellant "does not demonstrate any legitimate prejudice, or even argue that there are discrepancies between his recollection of the recusal proceeding and the Government's version thereof that require resolution by reference to the transcript. Under these circumstances, we are unable to find prejudice in an incomplete transcript." Id. at 697. With respect

2

to the district court's Rule 10 procedures, the court noted:

> [Appellant's] argument that reversal is required because the trial court did not 'perform its necessary fact-finding function' in connection with the Rule 10(c) proceedings is also unavailing. Contrary to [appellant's] assertion, the trial court was under no mandate to conduct a hearing. See Fed. R.App. P. 10(c). Further, the district court's order makes clear that it reviewed both Rule 10(c) statements before making the determination that the Government's account of the recusal hearing was accurate.

Brown, 202 F.3d at 697.

There are several other issued, not raised by Brown, which the court has considered. First, as noted in defendant's statement, appellate counsel has not been able to obtain from trial counsel any records of the Rule 11 hearing on May 31, 2012. Some courts have suggested that a more permissive approach to defendant's account of events is warranted where trial counsel is unavailable for purposes of reconstructing the record. See e.g., United States v. Carrazana, 70 F.3d 1339, 1345 (D.C. Cir. 1995), see generally Wright & Miller, Fed. Prac. & Proc., § 3956.3 (4th Ed.). The Fourth Circuit has noted, however, that "to obtain a new trial, whether or not appellate counsel is new, the defendant must show that the transcript errors specifically prejudiced his ability to perfect an appeal." United States v. Huggins, 191 F.3d 532, 537 (4th Cir. 1999). Here, defendant's statement is not in direct conflict with that of the government, although the court notes that at paragraph 2 appellant states that "Appellant was very confused about the Rule 11 hearing. Appellant, who is illiterate, was informed by his counsel of record that by pleading guilty on May 31, 2012 he was going to 'receive a sentence of (23) twenty-three months.'" (Appellant's statement ¶ 2). This statement, however, does not purport to describe anything that took place at the May 31 hearing, whereas paragraph 3 of appellant's statement, which incorporates the case administrator's account

3

of the minute notes, recounts the events of the May 31 hearing and is consistent with the government's account.

In an unpublished decision, United States v. Caldwell, No. 95-5433, 1999 WL 1037508 *5 (4th Cir. Nov. 16, 1999), the Fourth Circuit cited with approval the district court's settling of the record, in which "in its order settling the record pursuant to Rule 10(c), the district court established that it had considered the positions of both parties and had determined that [appellant] was properly designated an armed career criminal for purposes of the ACCA" and the court held that appellant had "failed to demonstrate any specific prejudice that he incurred because of the lack of a sentencing transcript," therefore affirming the sentence on direct appeal. Id. In this case, there is no indication on the docket on appeal as to the arguments that appellant seeks to raise on appeal. Review of the docket on appeal shows that opening briefs have not been filed and the court has granted an extension of time to June 24, 2013 to file opening briefs. See Case No. 13-4041. Therefore, there does not appear to be any basis for the district court to make any specific findings regarding specific portions of the record such as that in Caldwell.

Finally, the court has considered whether to submit, as part of its "settlement and approval" of the statements under Rule 10(c), its standard Rule 11 colloquy in further support of the government's account that all the required questions were asked of the defendant. For example, in United States v. Locust, 95 F. App'x 507, 513 (4th Cir. 2004), the Fourth Circuit noted with approval that "[i]n lieu of the unattainable transcript [of the court's instructions to the jury], the district court placed in the record a written copy of 'the actual jury instructions read to the jury.'" Id. at 513 (quoting district court). The court noted that appellant "offers nothing to suggest that these written instructions do not accurately reflect what was read to the jury," and the court noted that "though we

4

recognize that at times a judge may vary a few words from the written version of the charge, there has been no argument made here that such alterations, if any, were substantial. Without this showing, any slight changes in the reading of the charge should make no difference to our review function." Id. (quoting United States v. Sierra, 981 F.2d 123, 126-27 (3d Cir.1992)). While the court could submitting its standard Rule 11 colloquy in settling and approving the statements of the defendant and the government in this case, the court finds this approach unnecessary where the statements of the defendant and the government are in all material respects consistent and detailed, and where the statements as adopted by the district court are consistent with the court's recollection of the proceedings on May 31, 2012, for which recording and transcript is un available.

Finally, the court notes that appellant's statement focuses on summarizing the Rule 11 proceedings on May 31, 2012 whereas the government's statement also mentions a competency hearing and initial Rule 11 colloquy held May 16, 2012, before the late Magistrate Judge David Daniel. Based on appellant's statement, it does not appear that the competency hearing is at issue on appeal, and the court does not have any independent recollection of the May 16, 2012 proceedings. Based on the record and the later proceedings on May 31, 2012, however, the court finds good cause to otherwise adopting the government's summary of the May 16 proceedings as additional evidence of the record of those proceedings.

In sum, based on the foregoing, having considered the statements submitted, the materials of record, and the court's recollection of the proceedings on May 31, 2012, for which no transcript/recording is available, the court adopts the government's statement in its entirety pursuant to Rule 10(c), finding that the government's recitation of the events on May 31, 2012, most closely comports with the court's own recollection of these events. The court also adopts paragraph 3 of

appellant's statement as a further summary outline of the proceedings on 05/31/12, which is consistent with the court's own recollection of these events.

SO ORDERED, this the 11th day of June, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge