IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:10-CR-21-FL
No. 4:17-CV-29-FL

| | | |
|---|---|---|
| ROBERT LEON LECRAFT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, under 28 U.S.C. § 2255 (DE 220, 227, 229), as amended, wherein he asserts a claim pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015), and United States v. Newbold, 791 F.3d 455 (4th Cir. 2015). Also before the court is the government's motion to dismiss (DE 230), although following petitioner's response thereto the government filed a reply conceding that petitioner no longer is an Armed Career Criminal in light of Newbold, and suggesting that petitioner should be resentenced.

**COURT'S DISCUSSION**

Following a jury trial, petitioner pleaded was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Based on petitioner's prior convictions for attempted burglary and attempted robbery, the court sentenced petitioner on July 8, 2015, pursuant to the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e), to a total term of imprisonment of 180 months. Petitioner appealed and the court's judgment was affirmed May 6, 2016.

Petitioner filed the instant motion on March 6, 2017, amended through filings by appointed counsel, contending that he does not have three predicate serious drug offenses to qualify as an "armed career criminal" under the ACCA. See 18 U.S.C. § 924(e). Two out of three prior drug offenses identified as ACCA predicates at time of original sentencing, (see Presentence Report, DE 192, ¶¶ 19, 23), no longer qualify as ACCA predicates, in light of Newbold. See 791 F.3d at 462-64. The government agrees. (See DE 236). Therefore, where petitioner's sentence exceeds the maximum allowed by law, petitioner's sentence must be vacated and petitioner must be resentenced.

## CONCLUSION

Based on the foregoing, the court GRANTS petitioner's motion to vacate, (DE 220, 227, 229), and DENIES the government's motion to dismiss (DE 230). The clerk is DIRECTED to schedule petitioner for resentencing at the next available regularly scheduled term of court. The government is DIRECTED to ensure petitioner's timely writ, transportation, and housing for the resentencing hearing. The United States Probation Office is DIRECTED to investigate, prepare, file under seal, and publish to the appropriate parties an updated sentencing recommendation memorandum, including recalculation of petitioner's corrected advisory guidelines range, within **seven days** of the date of resentencing.

SO ORDERED, this the 15th day of August, 2017.

LOUISE W. FLANAGAN
United States District Judge